IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02299-REB-MJW

EVELYN GORDON,

Plaintiff,

v.

SUNRISE SENIOR LIVING MANAGEMENT, INC.,

Defendant.

**ORDER REGARDING
PLAINTIFFS' MOTION TO COMPEL DEFENDANT SUNRISE SENIOR LIVING
MANAGEMENT, INC. TO PRODUCE DOCUMENTS
(Docket No. 38)**

**Entered by United States Magistrate Judge Michael J. Watanabe**

Before the court is the Plaintiffs' Motion to Compel Defendant Sunrise Senior Living Management, Inc. to Produce Documents (Docket No. 38), to which defendant filed a Response (Docket No. 44), and plaintiffs filed a Reply in support of their motion (Docket No. 50).  The court has carefully reviewed the documents at issue *in camera* and has considered the motion papers and applicable Federal Rules of Civil Procedures, Colorado statutes, and case law.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed, finds that the motion should be granted in part and denied in part as set forth below.

In their motion, plaintiffs seek production of an Incident Report prepared by Gary Walker on November 9, 2007; the e-mail communications forwarding the Incident

2

Report; and the personnel files of the Sunrise caretakers on duty on the night of the incident.

Defendant asserts that the investigation materials are protected by attorney-client privilege, attorney work product doctrine, quality assurance privilege, and self-critical analysis privilege. "A document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)). Furthermore, "[a] document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." Id. "A party asserting a privilege has the burden of establishing that the privilege is applicable. A party asserting waiver of a privilege has the burden of establishing the waiver." Id.

Upon close review of the documents submitted for *in camera* review, this court finds that the defendant has not met its burden of establishing that any of the privileges asserted or the work product doctrine apply here with respect to Mr. Walker's November 9 Incident Report. In addition, the court agrees with plaintiffs that the self-critical analysis privilege is not recognized by the Tenth Circuit or under Colorado law. Furthermore, substantially for the reasons stated by plaintiffs in their motion and Reply, this court finds that the defendant has not shown that the internal investigation was primarily conducted at Ms. Edmondson's direction in anticipation of litigation or that it was truly part of a quality assurance program rather than just prepared in the ordinary course of business. It appears from the Incident Report that Mr. Walker did an

immediate investigation of the incident at issue, including taking witness statements and photographs. The court further notes that attorney Edmondson does not have a specific recollection of the incident or the exact roll she played in the investigation thereof. See Docket No. 44-4. While Stacy Shellenberger testified at her deposition that her first communication with Ms. Edmondson was on the night of the incident via conference call (see Docket No. 44-2 at 25:12-19), the Incident Report's mention of a conference call that evening with various staff including Ms. Shellenberger did not list Ms. Edmondson as a participant. In addition, the court's *in camera* review leads the court to the conclusion that Ms. Edmondson did not come on board until the morning of November 13, 2007. See Griffin0646-0647. Therefore, the court finds that defendant shall produce the investigation report and e-mails written before that time, more specifically, Mr. Walker's November 9, 2007, Incident Report, including the photographs (Griffin0553-0560); as well as his e-mail update dated November 12, 2007, which was not initially sent to counsel (Griffin05661-0562); Stacy Shellenberger's update (Griffin0565-0566) which also was not initially sent to counsel; the completed Incident Report forms (Griffin0650 and 0682), the written witness statements (Griffin 0651, 0654, 0655, 0656, 0658, 0662, 0663, 0683, 0686, 0687, 0688, 0690, 0694, 0695, 0696, 0703, 0704, and 0705), and the Sunrise Fall Investigation Checklist (Griffin0652, 0653, 0684, 0685). The remainder of the e-mails need not be produced as the court finds that they are protected by attorney-client privilege.

Plaintiffs also seek the personnel files of the Sunrise caretakers on duty the night of the incident, claiming the information about such caretakers is relevant to determining the adequacy of their qualifications to care for the residents and bears directly on

4

whether Sunrise exercised reasonable care in hiring and supervising its employees. Defendant, however, on privacy and relevancy grounds, claims plaintiffs are not entitled to discovery of such files. Upon *in camera* review of the personnel files at issue, this court finds that certain pages contained therein are relevant to plaintiffs' claims and that plaintiffs have demonstrated a compelling need for their disclosure. Defendant shall thus produce the following pages which concern the caretakers' qualifications and training and potentially relevant disciplinary action: Regarding Momona Girmay: Documents GRIFFIN2752, 2753, 2791, and 2794-2802, inclusive. Regarding Iryna Kolodyazhna: Documents GRIFFIN2812, 2813, 2851, and 2858-2875, inclusive. Regarding Bethanye S. Krusnall: Documents GRIFFIN2910; 2911; 2949; 2965-2982, inclusive; and 2988-2998, inclusive. Regarding Sabrina Merlina: Documents GRIFFIN3003; 3004; 3032; 3074-3144, inclusive; and 3190.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that the Plaintiffs' Motion to Compel Defendant Sunrise Senior Living Management, Inc. to Produce Documents **(Docket No. 38)** is **granted in part and denied in part**. The motion is granted to the extent that on or before September 18, 2009, the following documents shall be produced by defendant: Griffin0553-0562, inclusive; 0565-0566; 0650; 0682; 0651; 0654; 0655; 0656; 0658; 0662; 0663; 0683; 0686; 0687; 0688; 0690; 0694; 0695; 0696; 0703; 0704; 0705; 0652; 0653; 0684; and 0685; and GRIFFIN2752; 2753; 2791; 2794-2802, inclusive; 2812; 2813; 2851; 2858-2875, inclusive; 2910; 2911; 2949; 2965-2982, inclusive; 2988-2998, inclusive; 3003; 3004; 3032; 3074-3144, inclusive; and 3190. In all other respects, the motion is denied.

5

It is further **ORDERED** that the documents submitted for *in camera* review shall remain sealed until further order of the court.

It is further **ORDERED** that each party shall pay its own fees and costs for this motion.

Date: September 10, 2009        s/ Michael J. Watanabe
      Denver, Colorado          Michael J. Watanabe
                                United States Magistrate Judge